# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States District Court
Southern District of Texas
FILED

AUG 02 2017

David J. Bradley, Clerk of Court

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. B-17-652-MJ
A Black, LG B460, Cricket, Cellular Phone, )
Serial # 705CYBD854485 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
A black, LG B460, Cricket, cellular phone, serial # 705CYBD854485 currently located at the United States B currently located at the United States Border Patrol Brownsville Border Patrol Station, 940 N. FM 511 Olmito, Texas 78575

located in the     Southern     District of     Texas    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachments "A"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C § 841 | Narcotics smuggling |
| 8 U.S.C § 1325 | Entry Without Inspection |
| 8 U.S.C § 1324 | Alien Smuggling |

The application is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

☐ ~~Delayed notice of~~ _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's Signature*

J.M. Frausto, US Border Patrol Agent Intel
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/02/2017

*Judge's signature*

City and state: Brownsville, Texas     HON. Ronald G. Morgan, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| In the Matter of the Search of a **Black, LG-B460, Cricket, Cellular Phone Serial # 705CYBD854485**<br><br>Currently Located at the **United States Border Patrol Brownsville Border Patrol Station 940 N. FM 511 Olmito, TX 78575** | §§§§§§§§§§§§  ~~Criminal~~ No. B-17-652-MJ |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, J.M. Frausto being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Fed. R. Crim. P. 41 for a warrant to search a black, LG-B460, Cricket, Cellular Phone, Serial # 705CYBD854485, (hereinafter "Device"), which is currently stored, in law-enforcement possession, at the United States (US) Border Patrol (BP) Brownsville Border Patrol Station, 940 N. FM 511, Olmito, Texas 78575, for certain things particularly described in Attachment A.

2. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of agents.

3. The Device is currently in the lawful possession of BP as a result of being discovered by BP Agents while performing patrol duties near the border fence in Brownsville, Texas in an area known to BP Agents as being utilized for illicit activity in the past. While agents might already have all necessary authority to search the Device, I seek this additional warrant out of an abundance of caution to be certain that a search of the Device will comply with the Fourth Amendment and other applicable laws.

1

4. I am an Agent with the USBP assigned to the Rio Grande Valley Sector Intelligence Unit (RGV/SIU) in Brownsville, Texas. I have served as a USBP Agent January 21, 1996 and have been assigned to the RGV/SIU since March 4, 2004. I am a law enforcement officer of the U.S., within the meaning of 18 U.S.C. § 2510(7), who is empowered to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516. I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes.

5. During my career, I have been a part of numerous arrests linked to narcotics smuggling, harboring and transporting of undocumented aliens. Through these arrests, along with my training and experience and conversations with other agents and law-enforcement personnel, I have become familiar with the methods used by narcotics and human smugglers to smuggle and safeguard narcotics and undocumented aliens and to thwart or evade investigations of their trafficking organizations. One of the tactics frequently used by these organizations is the consistent use of cellular telephones and cellular telephones equipped with radio transmitters to coordinate the smuggling arrangements of narcotics and undocumented aliens in furtherance into the U.S. I am aware that members of these organizations often store co-conspirators' telephone numbers in the telephone memory and communicate using code names through cellular telephones and their radio transmitters to facilitate transactions and to conceal their identities.

6. This affidavit is being submitted for the limited purpose of establishing probable cause to secure a search warrant for the Device. As such, not all facts known to me or other agents concerning this investigation have been included. This affidavit was approved for filing by Assistant U.S. Attorney.

**PROBABLE CAUSE**

7. On July 05, 2017, at approximately 2:12 AM, Brownsville Border Patrol Agents performing Remote Video Surveillance System duties observed five individuals who appeared to be carrying bundles on their backs running north from the Rio Grande River in the vicinity of the Los Fresnos Canal in Brownsville, TX.

8. At 3:07 AM Agents report spotting the group of five inside the Los Fresnos Canal, north of the Rio Grande River.

9. At approximately 3:20 AM, Brownsville Border Patrol Agents performing patrol duties near the Rio Grande River in the vicinity of the Los Fresnos Canal in Brownsville, Texas attempted to intercept the group of five subjects. Upon searching the area, agents came upon five abandoned bundles of marijuana, which was seized and subsequently weighed in as 95.86 kilograms of marijuana.

10. Agents discovered a black, LG-B460, Cricket, Cellular Phone, Serial # 705CYBD854485 laying on the ground near the location in where the bundles of marijuana were discovered.

11. Agents transported the device to the Brownsville Border Patrol Station. At the Brownsville, Texas Border Patrol Station, the phones, which were deemed to be abandoned, were later turned over to Brownsville Intelligence Unit Agents and stored in a secure location at the Brownsville Border Patrol Station in Olmito, Texas for future exploitation.

## ELECTRONIC DEVICES AND STORAGE

12. As described herein and in Attachment A, this application seeks permission to search and seize things that the Device might contain, in whatever form they are stored. Based on my knowledge, training, and experience, I know that electronic Devices can store information for long periods of time. Even when a user deletes information from a Device, it can sometimes be recovered with forensics tools. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the Device. This information can sometimes be recovered with forensics tools.

13. Searching for the evidence described in Attachment A may require a range of data-analysis techniques. In some cases, agents and computer analysts may be able to conduct carefully-targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide information, encode communications to avoid using key words, attempt to delete information to evade detection, or take other steps designed to frustrate law enforcement searches for information. These steps may require agents and law enforcement or other analysts with appropriate expertise to conduct more extensive searches, such as scanning storage areas unrelated to things described in Attachment A, or perusing all stored information briefly to

3

determine whether it falls within the scope of the warrant. In light of these difficulties, BP Agents intend to use whatever data-analysis techniques appear necessary to locate and retrieve the evidence described in Attachment A.

## CONCLUSION

14.   I submit that this affidavit supports probable cause for a warrant to search the Devices and seize the items described in Attachment A.

Respectfully submitted,

_____
J.M. Frausto
Border Patrol Agent-Intelligence
United States Border Patrol

Subscribed and sworn to before me

On August 02, 2017:

_____
HON. RONALD G. MORGAN
UNITED STATES MAGISTRATE JUDGE

4

## ATTACHMENT A

1.   All records and information, contained in a black, LG-B460, Cricket, Cellular Phone, Serial # 705CYBD854485, that involve violations of 21 U.S.C §§ 841 Narcotics Smuggling , 8 U.S.C. §§ 1325 (Entry Without Inspection) and 1324 (Alien Smuggling) :

   a. any information related to narcotic smuggling and alien smuggling (including saved contacts, phone logs, text messages, voice mails, videos, photos, or any other saved records); and

   b. evidence of user attribution showing who used or owned the Device at the time the things described in this warrant and attachment were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

2.   As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored (including, for example: call logs, contact lists, voicemails, and text messages), including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.